Dear Mr. Murray:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. In your opinion request, you have stated that you currently hold the appointive position of a commissioner of the Port of South Louisiana. Your inquiry centers on the possibility of you additionally being "appointed" to the position of "Assistant to the President" of St. Charles Parish.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. LA R.S. 42:63 (E) states in pertinent part:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
"Political subdivision," as defined by LA R.S. 42:62 (9) is any:
 Parish, municipality, and any other unit of local government authorized by law to perform governmental functions. In addition for the purposes of this part, mayors courts, justices of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
Per our conversation on January 4, 2001, you stated that the position of "Assistant to the President" of St. Charles Parish is a full-time appointed position. As this position is not specifically enumerated in the Louisiana Revised Statutes, it is unclear whether or not it meets the definitional requirements of an "appointed office" or "employment," both of which are set forth in LA R.S. 42:62 (2) and (3), respectively. Regardless of the classification, because these positions are within separate political subdivisions by virtue of LA R.S. 42:62 (9), as long as one of the positions is part time, you may simultaneously hold both positions without violating any dual officeholding provisions. As you have stated, the position of "Assistant to the President" is full time. Therefore, in order to hold both positions simultaneously without violating any dual officeholding provisions, the position of commissioner of the Port of South Louisiana must be part time. The definition of "part time" as applied to dual officeholding, can be found at LA R.S. 42:62 (5), which states:
 The period of time which a person works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Full time is defined by LA R.S. 42:62 (4) as:
 The period of time which a person works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
Therefore, it is the opinion of this office that you may simultaneously hold the positions of commissioner of the Port of South Louisiana and "Assistant to the President of St. Charles Parish" without violating dual officeholding provisions as long as the position of commissioner of the Port of South Louisiana is part time.
Additionally, in our conversation on January 4, 2001, you informed me that Parish President, Albert Laque, chose you for the position of commissioner of the Port of South Louisiana from a list of names submitted by the other port commissioners. Your appointment was voted on by the parish council and subsequently confirmed by the Louisiana Senate. Mr. Laque will also be responsible for appointing you as his assistant. Although there is no dual officeholding violation concerns with the simultaneous holding of these two positions, there may be ethical concerns. Please note that this opinion addresses only the dual officeholding concerns and does not address ethical matters. The potential ethical conflicts with the simultaneous holding of these positions should be addressed to:
 Louisiana Board of Ethics Commission for Public Officials 8401 United Plaza Blvd., Suite 200 Baton Rouge, La. 70809 (225) 922-1400
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
With kindest regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANDREW D. BENTON Assistant Attorney General